# EXHIBIT B

NO. _____

| | | |
|---|---|---|
| SEAN MCAFEE SR. and MARY ANN MCAFEE, AS NEXT FRIEND OF S.M.<br>*Plaintiffs,* | § § § § | IN THE DISTRICT COURT |
| V. | § § § | \_\_\_\_ JUDICIAL DISTRICT |
| WALMART STORES TEXAS, LLC , WALMART STORES, INC D/B/A WALMART #1062, and JOHN DOE<br>*Defendants.* | § § § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiffs, SEAN MCAFEE SR. and MARY ANN MCAFEE, AS NEXT FRIENDS OF SEAN MCAFEE, JR., files this petition complaining of Defendant WALMART STORES TEXAS, LLC, WALMART STORES, INC D/B/A WALMART #1062 (collectively referred to as "WALMART DEFENDANTS") and JOHN DOE, and in support respectfully shows unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1.  Plaintiffs intend to conduct discovery in this action under Level 1 pursuant to Tex. R. Civ. P. 190.2. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief in excess of $200,000.00 not to exceed $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

### II.
### PARTIES AND SERVICE

2.  Plaintiff, SEAN MCAFEE, SR is an individual who reside in Harris County, Texas.

1

3. Plaintiff, MARY ANN MCAFEE is an individual who reside in Harris County, Texas.

4. Defendant, WALMART STORES TEXAS, LLC, is a domestic corporation doing business in the State of Texas and may be served with process by and through its registered agent, CT Corporation System, at 1999 Bryan St. Suite 900, Dallas, Texas 75201. Plaintiff requests that citation be issued.

5. Defendant, WALMART STORES, INC D/B/A WALMART #1062 ("Walmart"), is an Arkansas company doing business in Texas. Walmart #1062, located at 150 W. El dorado blvd., Friendswood, Texas), the building where the incident made the basis of this suit occurred. Defendant Walmart Stores, Inc., can be served through its registered agent, C T Corporation System, at 1999 Bryan St. Suite 900, Dallas, Texas 75201. Plaintiff requests that citation be issued.

6. Defendant JOHN DOE, is an unidentified individual or company, based in Texas, contracted by Defendant WALMART to repair a roof leak prior to the incident made the basis of this suit. After inquiry, Defendant WALMART has refused to provide the identity of the contracted company.

### III.
### JURISDICTION AND VENUE

7. The subject matter in controversy is within the jurisdictional limit of the court.

8. The court has jurisdiction over the claims.

9. Venue is proper in Harris County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code §15.002 *et. seq.* because all or a substantial part of the events or omissions giving rise to the claims arose in Harris County.

### IV.
### FACTUAL BACKGROUND

10. On June 21, 2021, Plaintiff Mary Ann McAfee (a business invitee) and her minor son Sean McAfee, Jr. were walking inside of Walmart Store 1062, when he slipped and fell on a slippery substance and suffered serious bodily injury as a result. The slippery substance, stemming from a

roof leak, was located in an aisle where it was reasonable for a customer to walk. The floor was not slip resistant, nor did Defendants adequately maintain the area. Plaintiff's feet slipped out from under him and he was unable to maintain his balance, fell to the floor and suffered serious bodily injury. Plaintiff's injuries were caused by a dangerous condition on Defendants' premises that Defendant and/or their respective agents, servants, and/or employees knew of or in the exercise of ordinary care, should have known existed.

11. Prior to June 21, 2021, Walmart Defendants were made aware of the roof leak and attempted to repair it by contracting Defendant JOHN DOE, whose negligently failed to repair the roof leak, which caused Plaintiff's injuries.

## V.
## CAUSES OF ACTION

### A. PREMISES LIABILITY & NEGLIGENCE (Against Walmart Defendants)

12. Defendants were, at all times relevant to this cause of action, the owners, custodians or operators of the premises where Plaintiff fell and had a duty to inspect the premises and maintain the premises in a safe condition or to conduct business in a reasonably safe manner.

13. Defendants and/or their agents, employees or representatives should have detected the spill and adequately redressed the unreasonably dangerous condition. Defendant negligently allowed the creation and continued existence of this condition, so as to make Defendants' premises a dangerous place. Further, Defendants, by act and/or omission, failed to warn Plaintiff of the condition on the premises, despite the fact that Defendants knew, or in the exercise of ordinary care, should have known of the existence of the condition and the likelihood that this condition would cause serious injury to invitees (such a Plaintiff), to whom Defendants owed a non-delegable duty of care. Defendants' breach of duty proximately caused injury to Plaintiff, which resulted in Plaintiff's injuries.

### B. NEGLIGENT HIRING & SUPERVISION (Against Walmart Defendants)

14. Defendants are directly liable to Plaintiffs for negligence/gross negligence and premises

liability. Plainly stated, Defendants created an unreasonable danger to its customers when it negligently hired, trained and supervised its employees, who allowed the slippery substance to remain on the floor.

15. Defendants owed a legal duty to Plaintiffs to hire, supervise, train, or retain competent employees. Specifically, Defendants had a legal duty to use ordinary care in determining whether its employees were competent to be hired to work in a customer service capacity.

16. Defendants had a duty to inspect and maintain the premises in a safe condition or to conduct business in a reasonably safe manner, which includes checking for foreign substances on the floor where customers travel.

17. Defendants' employees knew, or through the exercise of ordinary care, would have detected the slippery substance on the ground. Accordingly, Defendants breached their duty of reasonable care.

C. **NEGLIGENCE (Against Defendant John Doe)**

18. Defendant JOHN DOE is directly liable to Plaintiff for negligence for failing . Plainly stated, Defendant created an unreasonable danger to its customers when it negligently hired, trained and supervised its employees, who allowed the slippery substance to remain on the floor.

**VI.
DAMAGES**

19. As a direct and proximate cause of Defendant's negligence, Plaintiffs, Sean and Mary Ann McAfee will show their minor child, for whom they appear as next friends, suffered actual damages within the jurisdictional limits of this court. Specifically, Plaintiffs seek to recover jointly and severally from all Defendants, includes compensation for the following:

    a.    physical pain in the past and future;

    b.    mental anguish suffered in the past future;

    c.    loss of earning and loss of earning capacity;

d. reasonable and necessary medical expenses incurred or reasonably anticipated to be incurred in the future;

e. physical impairment in the past and future;

f. disfigurement in the past and future;

g. Pre-judgment and post judgment interest; and

h. All other damages necessarily incurred as a result of Defendant's conduct.

## VII.
## NOTICE PRESERVATION NOTICE

20. Plaintiffs hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting therefrom, including but not limited to:

   a. Photographs;
   b. Videos recordings;
   c. Audio recordings;
   d. Transaction records;
   e. Invoices and receipts for repair services and materials
   f. Communications related to roof repair at the subject premises within 5 years prior to the incident made the basis of this suit (including emails, text messages, facsimiles, and meeting records);
   g. Communication records (including call logs and cellular phone records); and
   h. Incident reports.

## VIII.
## JURY DEMAND

Plaintiffs hereby requests a jury trial.

## IX.
## REQUEST FOR DISCLOSURE

21. Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## X.
## RULE 193.7 NOTICE

22. Plaintiffs hereby give actual notice to Defendants that any and all documents produced may

be used against Defendants at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document(s).

## XI.
## PRAYER

23. WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully requests that that citation be issued and served upon Defendant WALMART STORES TEXAS, LLC, and WALMART STORES, INC D/B/A WALMART #1062, in a form and manner prescribed by law, requiring that Defendants appear and answer herein, and that said Defendants be ordered to provide the name and address of the JOHN DOE Defendant(s), individual(s) or entity(ies) contracted to repair the roof at Store #1062 prior to the incident made the basis of this suit, who are indispensable party to this action, and that on final trial Plaintiff be awarded judgment against all Defendants (jointly and severally) for actual damages in an amount in excess of the minimum jurisdictional limits of this Court, together with the cost of suit, maximum pre- and post-judgment interest on the judgment as allowed by law and for all other relief, both general and special, legal and equitable, to which Plaintiff may be justly entitled.

Respectfully submitted,

**ANDRE EVANS & ASSOCIATES, PLLC**

**/s/ Andre D. Evans**
Andre D. Evans
SBN: 24082970
3003 South Loop West, Suite 108
Houston, Texas 77054
Tel: (832) 941-1282
Fax: (832) 778-8353
andre@attorneyandreevans.com
*Attorney for Plaintiffs*

9/26/2022 4:32 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 68624833
By: Tasha Fraser
Filed: 9/26/2022 4:32 PM

CAUSE NO. 2022-50889

| | | |
|---|---|---|
| SEAN MCAFEE SR. and MARY ANN MCAFEE, AS NEXT FRIEND OF S.M. <br> Plaintiff, | § § § § | IN THE DISTRICT COURT OF |
| vs. | § § | HARRIS COUNTY, TEXAS |
| WAL-MART STORES TEXAS, LLC, WALMART STORES, INC D/B/A WALMART #1062, and JOHN DOE <br> Defendant. | § § § § | 127th JUDICIAL DISTRICT |

## **WALMART'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant WAL-MART STORES TEXAS, LLC, Incorrectly also named as WALMART STORES, INC D/B/A WALMART # 1062, files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### **I.  General Denial**

1. Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Original Petition.

### **II.  Affirmative Defenses**

2. Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3. Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

HOULITIGATION: 1887235-1

4. Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

5. Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6. Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8. Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III. Prayer

FOR THESE REASONS, Defendant WAL-MART STORES TEXAS, LLC, incorrectly also named WALMART STORES, INC D/B/A WALMART # 1062, respectfully prays that the Court enter a judgment that:

1. Dismisses all claims against Defendant WAL-MART STORES TEXAS, LLC, Incorrectly also named WALMART STORES, INC D/B/A WALMART # 1062, and orders that Plaintiff take nothing by reason of Plaintiff's allegations.

2. Orders that Defendant recovers all costs incurred in defense of Plaintiff's claims, and that Defendant's judgment against Plaintiff include the following:

   a. Costs of suit; and

   b. Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

>Respectfully submitted,
>MEHAFFYWEBER, P.C.
>
>By:/s/Maryalyce W. Cox
>Maryalyce W. Cox
>State Bar No. 24009203
>John "Trey' Hillman
>State Bar No.24128883
>One Allen Center
>500 Dallas, Suite 2800
>Houston, Texas  77002
>Telephone  - (713) 655-1200
>Telecopier  - (713) 655-0222
>maryalycecox@mehaffyweber.com
>
>ATTORNEYS FOR DEFENDANT
>WALMART STORES TEXAS, LLC

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on September 26, 2022, pursuant to the Texas Rules of Civil Procedure.

>*Maryalyce W. Cox*
>Maryalyce W. Cox

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Qiana Moore on behalf of Maryalyce Cox
Bar No. 24009203
QianaMoore@MehaffyWeber.com
Envelope ID: 68624833
Status as of 9/26/2022 4:51 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Carmen Garcia | | edocket@mehaffyweber.com | 9/26/2022 4:32:29 PM | SENT |
| Andre Evans | 24082970 | andre@attorneyandreevans.com | 9/26/2022 4:32:29 PM | SENT |
| Qiana Moore | | QianaMoore@MehaffyWeber.com | 9/26/2022 4:32:29 PM | SENT |
| Maryalyce Cox | | MaryalyceCox@MehaffyWeber.com | 9/26/2022 4:32:29 PM | SENT |
| Trey Hillman | | johnhillman@mehaffyweber.com | 9/26/2022 4:32:29 PM | SENT |