United States District Court
Southern District of Texas
**ENTERED**
January 18, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SEAN MCAFEE, SR., *and* MARY ANN MCAFEE *as next friends of* S.M., | § § § § |
| Plaintiffs, | § CIVIL ACTION NO. H-22-3384 |
| v. | § § |
| WAL-MART STORES TEXAS, LLC, *et al.*, | § § § |
| Defendants. | § § § § |

**MEMORANDUM AND ORDER**

The plaintiffs, Sean McAfee, Sr., and Mary Ann McAfee, sued Wal-Mart Stores Texas, LLC, and Partners Commercial Roofing, LLC, on behalf of their child, S.M., after he slipped and fell in a Wal-Mart store in June 2021. (Docket Entry No. 1). The McAfees allege that S.M. slipped in a water puddle that "reportedly originated from a water leak" from part of Wal-Mart's "recently repaired roof." (Docket Entry No. 9 at 1). The plaintiffs sued both the roofing company and Wal-Mart. The defendants timely removed on the basis of diversity jurisdiction.

Wal-Mart has moved for summary judgment. (Docket Entry No. 35). Partners Commercial Roofing has moved to join Wal-Mart's motion, or in the alternative to dismiss the case for want of prosecution. (Docket Entry No. 36). Based on the motion, the record, and the applicable law, the court grants Wal-Mart's motion for summary judgment and dismisses the case against Partners Commercial Roofing for want of prosecution. The reasons are set out below.

I.  **The Rule 56 Standard**

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)).  "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial." *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted).  "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).  "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th

576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). All reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). But a nonmovant "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

## II.  Analysis

### A.  Wal-Mart

The Texas Supreme Court has "repeatedly characterized . . . slip-and-fall claims as premises defect cases because the injuries were alleged to have resulted from physical conditions on property," not from a contemporaneous activity. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017). Plaintiffs are not permitted to "circumvent the true nature of [their] claim by pleading it as one for general negligence[.]" *Id.* at 480. "[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). Because the McAfees claim that Wal-Mart failed to fix a dangerous condition—a water puddle on the floor—their claim is for premises liability and not negligence. Their general allegations that Wal-Mart failed to maintain safe premises are not enough to preclude summary judgment on the negligence claim. (Docket Entry No. 9).

Under Texas law, "a property owner generally owes those invited onto the property a duty to make the premises safe or to warn of dangerous conditions as reasonably prudent under the

circumstances." *Robbins v. Sam's East, Inc.*, No. 21-20050, 2021 WL 3713543, at *1 (5th Cir. Aug. 20, 2021) (per curiam) (quoting *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016)). "To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the owner failed to exercise reasonable care to reduce or eliminate the risk; and (4) the owner's failure to use such care proximately caused the invitee's injuries." *Id.* (citing *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017)).

Wal-Mart seeks summary judgment on three issues. First, it argues that all McAfee's claims are for premises liability—a water puddle on the floor—not negligent activity. Second, Wal-Mart argues that the record does not show that it created the puddle or had actual notice that it was there. Third, Wal-Mart argues that the record does not show that the water was on the floor long enough to give Wal-Mart reasonable opportunity to discover it. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W. 3d 812, 814 (Tex. 2022).

An inference of constructive notice "requires proof that an owner had a reasonable opportunity to discover the defect." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) (per curiam). A court analyzes "the combination of proximity, conspicuity, and longevity" of the alleged defect: the proximity of the premises owner's employees to the hazard, the conspicuousness of the hazard, and how long the hazard was in place. *Id.* at 567–68 (quoting *Reece*, 81 S.W.3d at 816). For a premises owner to be charged with constructive notice, a dangerous condition must have "existed for some length of time." *Reece*, 81 S.W.3d at 815 (citations omitted). If the dangerous condition is conspicuous, "then an employee's proximity to

4

the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it." *Id.* at 816.

On the other hand, "if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition." *Id.* Some temporal evidence is required for a premises-liability plaintiff to defeat a motion for summary judgment. *Id.* ("Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition."). "The so-called 'time-notice rule' is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Id.* (citation omitted). "[W]hen circumstantial evidence is relied upon to prove constructive notice, the evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

The record does not contain evidence that any Wal-Mart employee placed the liquid on the floor or was in a position to be held to know that the liquid was on the floor before S.M. slipped. Knowledge that there had been roof repairs does not support the inference that Wal-Mart was aware that a water puddle had formed on the floor of one of the store aisles. Video footage shows that the plaintiff walked near the spot where he fell; left and walked away; then returned to the same spot and fell. (Docket Entry No. 35 at 14–15). There is no evidence that a Wal-Mart employee saw a puddle in that area of the floor before S.M. fell. Indeed, the record suggests that McAfee did not see the puddle despite walking in the precise location twice before he fell. (*Id.*). There is no evidence as to how long the water had been on the floor, or evidence that the spill was

5

in an area close enough to where Wal-Mart employees were working or walking for long enough to support an inference that the employees had a reasonable opportunity to discover and mop up the puddle or put up warnings. The record evidence in this case is absent of evidence that the spill was on the floor long enough in circumstances that would reasonably bring it to the attention of the store employees, the store is entitled to summary judgment.

Wal-Mart's motion for summary judgment is granted.

### B. Partners Commercial Roofing

Partners Commercial Roofing seeks to join Wal-Mart's claims, or in the alternative dismiss the case due to the McAfees' failure to cooperate with discovery and want of prosecution. (Docket Entry No. 36). Partners Commercial Roofing does not explain how Wal-Mart's motion for summary judgment regarding premises liability would apply to the allegations against it for failing to properly repair the roof and using unlicensed employees to repair the roof. (Docket Entry No. 0 at 5). The motion for joinder as to summary judgment is therefore denied.

Partners Commercial Roofing also alleges that the McAfees have failed to cooperate or prosecute the case. The McAfees have not responded to the court's order to respond to the summary judgment briefing or inform the court of its intention not to respond. The McAfees have not cooperated with depositions or discovery, and have not filed expert reports or designations. (Docket Entry No. 35 at 18). The McAfees are ordered to respond to the motion to dismiss for want of prosecution and explain their delays in discovery no later than January 26, 2024. If they fail to do so, the remaining claims will be dismissed for want of prosecution.

### III. Conclusion

Wal-Mart's motion for summary judgment, (Docket Entry No. 35), is granted. Partners Commercial Roofing's motion for joinder with Wal-Mart's motion for summary judgment or to

dismiss for want of prosecution, (Docket Entry No. 36) is denied as to the joinder. The McAfees are ordered to respond to the motion to dismiss for want of prosecution no later than January 26, 2024, or the remaining claims will be dismissed.

SIGNED on January 18, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge